UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM BRUCE,<br><br>              Plaintiff,<br><br>                   v.<br><br>STONE,<br><br>              Defendant. | CAUSE NO.: 3:24-CV-783-TLS-AZ |

**OPINION AND ORDER**

William Bruce, a prisoner without a lawyer, filed a complaint alleging he was not taken to medical on June 8, 2024, at the Indiana State Prison. ECF No. 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bruce alleges he had a 3:00 p.m. pass for medical, but the dorm was on lockdown and he was not taken to medical by the officer who was working Checkpoint Two. He sues Sgt. Stone, but does not say Sgt. Stone was working Checkpoint Two or otherwise explain why Sgt. Stone was named as a defendant. Bruce attached a grievance which explains his medical visit on June 8 was in preparation for his colon test on June 10 or 11. He says he went to medical at 5 p.m. on June 9 and was told that the reason for the June 8 appointment was to explain what he needed to do in preparation for the colon test. Bruce does not say if or when he had the colon test. He does

not say what (if any) medical injury he suffered because of missing the medical appointment on June 8. He alleges he lost his job, but he does not say why he lost his job or how his job loss is related to missing the medical appointment on June 8.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Bruce believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended"

on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS William Bruce until **June 20, 2025**, to file an amended complaint; and

(2) CAUTIONS William Bruce if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 20, 2025.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT